

# FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10098 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00030-RVM-1 |
| v. | |
| MELVIN G. ADA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10323 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00030-1 |
| v. | |
| MELVIN G. ADA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Argued and Submitted October 12, 2017
U. of Hawaii Manoa

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Melvin G. Ada appeals the District Court's application of several sentencing enhancements and departures after his guilty plea convictions for theft or embezzlement (18 U.S.C. §§ 669 and 2), health care fraud (18 U.S.C. §§ 1347 and 2), and money laundering (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2). He further appeals the District Court's restitution award to Midwest Medical Supply Company ("MMS"). 18 U.S.C. §§ 3663, 3663A, 3664. The Government has conceded that the restitution award was excessive and we remand for its recalculation. We otherwise affirm.

Ada first argues that the District Court erred in applying a two-level sophisticated means enhancement to his theft and fraud convictions. *See* U.S.S.G. § 2B1.1(b)(10)(C). Under the U.S. Sentencing Guidelines, sophisticated means involves "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(10)(C), app. n.9. Although the Guidelines give examples such as use of offshore financial accounts to hide assets or transactions, the Guidelines do not require such conduct. *See* U.S.S.G. § 2B1.1(b)(10)(C), app. n.9. Ada opened and used bank accounts with names deceptively similar to MMS to deposit stolen MMS checks, and he

2

manipulated financial records to conceal his fraudulent scheme.  The District Court

did not err in applying the sophisticated means enhancement.  *See United States v.*

*Tanke*, 743 F.3d 1296, 1307-08 (9th Cir. 2014).

Similarly, Ada argues that the District Court erred in imposing a two-level

sophisticated money laundering enhancement to his money laundering convictions.

*See* U.S.S.G. § 2S1.1(b)(3).  Although the Guidelines note that sophisticated

laundering typically involves the use of fictitious entities, shell corporations, or

offshore financial accounts, such conduct is not required for the enhancement to

apply.  *See* U.S.S.G. § 2S1.1(b)(3), app. n.5.  Ada deposited and transferred

numerous stolen checks through multiple bank accounts with deceptive names.

Thus, the District Court did not abuse its discretion in imposing the sophisticated

laundering enhancement.

Next, Ada asserts that the District Court erred in imposing a two-level

leadership enhancement to his money laundering convictions.  The Guidelines

allow a two-level increase "[i]f the defendant was an organizer, leader, manager, or

supervisor in any criminal activity" involving "one or more other participants."

U.S.S.G. § 3B1.1(c) & app. n.2.  A participant is someone "who is criminally

responsible for the commission of the offense" even if acquitted.  U.S.S.G. §

3B1.1(c), app. n.1; *see also United States v. Dota*, 33 F.3d 1179, 1188-89 (9th Cir.

3

1994).  Ada's wife's participation was proved by a preponderance of the evidence. *Dota*, 33 F.3d at 1189.  The District Court therefore did not clearly err in imposing the leadership enhancement.  *See United States v. Alonso*, 48 F.3d 1536, 1545 (9th Cir. 1995).

Ada further contends that the District Court impermissibly double-counted when it departed upward three levels on the basis of disruption of a governmental function and public welfare endangerment.  Ada's embezzlement caused the government's hospital significant disruption by forcing the closure of its peritoneal dialysis clinic for several months.  *See* U.S.S.G. § 5K2.7.  His conduct also endangered the public health by forcing patients to undergo more serious treatment, including emergency surgery, after the clinic's closure.  *See* U.S.S.G. § 5K2.14.  Therefore, the District Court did not abuse its discretion in departing upward from the Guidelines.  *See United States v. Sablan*, 114 F.3d 913, 917 (9th Cir. 1997) (en banc).

The District Court erred in awarding MMS restitution in the amount of $132,565.08.  During the restitution hearing, MMS presented testimony, e-mail correspondence, and eleven invoices, claiming that the Commonwealth Health Center ("CHC") had not paid it $76,914.45, but MMS's presentation established only that CHC refused to pay the eleven invoices.  The Government concedes that

4

MMS failed to establish that Ada caused CHC's failure to pay MMS the $76,914.45. *See United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013). That portion of the award is not supported. We therefore vacate the restitution award and remand to the District Court for a proper determination.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.